UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRAMELLE THOMPSON et al, )
)
              Plaintiffs, )
)
vs. )    10 C 7658
)
GATEWAY FINANCIAL )
SERVICES, INC. et al, )
)
             Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Defendant Gateway Financial Services, Inc.'s motion to dismiss Counts II, III, and IV against it pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Gateway's motion is denied.

### RELEVANT FACTS

Plaintiffs Tramelle Thompson ("Thompson"), M.W., Dorothy Allen, and Jauqwaun Triplett (collectively "Plaintiffs") filed a Complaint against Defendants Gateway Financial Services Inc. ("Gateway"), Unknown Repossession Agency ("Repossession Agency"), Unknown Repossession Agent 1, and Unknown Repossession Agent 2 (collectively, "Repossession Agents"), asserting claims under the

Fair Debt Collection Practices Act, under 810 Illinois Compiled Statutes 5/9-609(b)(2) (the "Repossession Statute"), for negligence, and for willful, wanton behavior. For purposes of the motion to dismiss, we accept the allegations of the Complaint as true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

According to the Complaint, Gateway loaned Thompson money to purchase a motor vehicle and the loan was secured by the vehicle. After Thompson became delinquent on the loan, and on or about December 4, 2009, Repossession Agents went to Thompson's residence to repossess the vehicle. Attempting to repossess the vehicle, the Repossession Agents allegedly banged loudly on the doors and windows of Thompson's residence, struck the vehicle with a blunt object, yelled obscenities and profanities, and blocked the driveway with another vehicle.

On December 1, 2010, Plaintiffs filed a Complaint and, on February 15, 2011, Gateway filed a motion to dismiss Counts II, III, and IV of the Complaint.

**LEGAL STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but it requires more than a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the complaint must contain sufficient facts to state a

claim for relief that is plausible on its face. *Id.* at 570. In ruling on a motion to dismiss, a court must accept the well-pleaded allegations in the complaint as true, construe the allegations of a complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. Of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

## DISCUSSION

I.   **Count II**[1]

Gateway argues that this Court should dismiss Count II concerning Gateway's violation of the Repossession Statute, because Plaintiffs fail to allege facts establishing an agency relationship between Gateway and the Repossession Agency. Plaintiffs respond that, regardless of the relationship between Gateway and the Repossession Agency, Gateway is liable for actions taken on its behalf.

The Repossession Statute permits a secured party to take possession of the collateral after a default, without judicial process, if the secured party proceeds without breach of the peace. 810 Ill. Comp. Stat. 5/9-609. Comment 3 to the Repossession Statute states, "[i]n considering whether a secured party has engaged in a breach of the peace . . . courts should hold the secured party responsible for the actions of others

---

[1] This Court notes that Gateway, from its motion to its reply brief, drastically changed its position regarding why this Court should dismiss Count II. This Court did not consider Gateway's argument made for the first time in its reply brief. *U.S. v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir. 2006) ("Arguments made for the first time in a reply brief are waived").

taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral." According to Comment 3, a secured party may be liable for the actions of another, even if no agency relationship exists. Here, Plaintiffs allege that Gateway loaned money to Thompson for the purchase of a vehicle and that the loan was secured by the vehicle. Plaintiffs also allege that the Repossession Agency acted on Gateway's behalf. Thus, Plaintiffs' allegations are sufficient to claim that Gateway, as a secured party, may be liable under the Repossession Statute for the actions of the Repossession Agency. *See, e.g., Williams v. Republic Recovery Serv., Inc.*, No. 09-cv-6554, 2010 WL 3732107, at *3-4 (N.D. Ill. Sept. 16, 2010) (relying on Comment 3 to find that the secured party may be liable for actions taken by an independent contractor with no agency relationship).

## II.     Counts III and IV

Gateway argues that this Court should dismiss Counts III and IV concerning Gateway's negligence and willful, wanton conduct in hiring, retaining, and supervising the Repossession Agency. Specifically, Gateway argues that Plaintiffs allege no facts supporting Plaintiffs' allegation that Gateway "knew or should have known" that the agents of the Repossession Agency were likely to breach the peace when attempting to repossess a vehicle.

Under Illinois law, an action for the negligent hiring, retention, or supervision of an employee requires the plaintiff to plead, among other things, "that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons." *Van Horne v. Muller*, 705 N.E.2d 898, 904 (Ill. 1998). Without discovery, a plaintiff often lacks specific factual information concerning what a defendant-employer knew or should have known. Here, Plaintiffs did not merely allege that Gateway knew or should have known that the Repossession Agents had a particular unfitness. Rather, Plaintiffs allege that Gateway "knew or should have known" that the Repossession Agents were likely to breach the peace when attempting to repossess a vehicle. Accordingly, this Court finds that Plaintiffs' allegation is sufficient, at this stage, to state a claim that Gateway knew or should have known that the Repossession Agents had a particular unfitness for repossessing vehicles because they were likely to breach the peace. *See, e.g., Santiago v. Walls*, 599 F.3d 749, 759 (7th Cir. 2010) (reversing dismissal of failure-to-protect claim where plaintiff alleged that defendant "knew or should have known" another inmate was dangerous, because plaintiff lacked further factual detail without discovery). Thus, this Court denies Gateway's motion to dismiss Counts III and IV.

## CONCLUSION

For the foregoing reasons, this Court denies Gateway's motion to dismiss Counts II, III, and IV.

_____
Charles P. Kocoras
United States District Judge

Dated: __April 14, 2011__